Pennington, J. — It
— Itis admitted by the counsel for the defendant, that the release of one, in cases like the present, does not bar the other, and the law is clearly so, 3 Mod. 109, and 135; Cro. Eli». 649; 6 Coke 26. But he contends, that on a plea of release, the non-releasing plaintiff should have severed from his companion, and obtained a judgment to prosecute alone. This would probably be correct, in case the defendant was regular in pleading the release as a bar to both plaintiffs; but I cannot very well understand how the defendant can, with legal propriety, plead a release of one as a bar to both, in cases where it is not a bar to both; had the release been pleaded as a bar to one only, and the release admitted, that one against whom the release was pleaded, would by the judgment of this Court be barred; and the other plaintiff would have judgjudgment to prosecute the certiorari alone. But a question, in the consideration of this case, hath pressed itself on my mind, whether the defendant in error, having pleaded as a bar to both plaintiffs, a matter which in law is not a bar to both, should not be concluded by his plea, and have judgment rendered against him at once. The parties having by the plea, demurrer, &c., put the cause on the validity of the release. The case of Carleton, v. Mortagh, reported in 1 Salk. 268; 8 Salk. 399; 6 Mod. 113, 206 ; and in 2 Lord May. 1005, however, shews that the Court may look into the record after a release illy pleaded. In 6 Mod. 207, Powell, Justice is made to say, that if a release be pleaded, that does not bar the writ, the Court may proceed to examine the record; and that a release not well pleaded is as none. In case of a plea of a release of error, and demurrer thereon, the question to be determined, is not whether there is error in the record or not, but whether the plaintiff in error is barred of his writ or not? In the case under [*] consideration, one of the plaintiffs is barred, and the other is not. This being apparent on the record, the Court, on the best consideration which I have been able to give the case, is, in my opinion, bound to render such judgment as the law arising on the W'hole of the case found on the record requires. The special entry of the judgment, directed by the Court to be made in the case of Blunt and Farly v. Snedstone, reported in Cro. Jac. 117, not only confirms me in the opinion now given, but plainly marks out the path to be pursued. There is, however, one difference between that case and the one under consideration, which will require a judgment in some measure varying from the judgment *173 rendered in that case. In the case in Croke, the error was made manifest before the questions of release and severance arose; hence, on determining those questions, an immediate judgment of reversal as to the non-releasing plaintiff was rendered. In the case under consideration, the errors remain unexamined. Should it be thought that a plea of release of errors, is an admission of error, the case of Carleton v. Mortagh, before cited, recognizes a distinction between an actual confession of errors, and an implied one; in the case of the plea of a release of error, it is little more than saying, admitting that there is error in the record, yet that it is released, and thereby cured. It is not, I apprehend, such a confession of error as will preclude the Court from looking into the record, and determining on its validity. 1 am, therefore, on the whole, of opinion, that judgment must be rendered against the releasing plaintiff; that he be barred any further prosecuting his writ of certiorari; and further, that the non-releasing plaintiff prosecute his writ of certiorari alone. The cause, as it respects the non-releasing plaintiff, will, in this case, be in the same situation as it was at the time the release was pleaded; and that is the situation which the principles of law, applied to the case, places it. It', on examining the record, there be found error therein, the non-releasing plaintiff will have judgment of reversal [*] quoad himself, and be restored to all that he hath lost; and in case no error should be found in the record, judgment must be affirmed.
Campbell, for plaintiff.
M‘Whorter, for defendant.
Kirkj’atjiick, C. J., and Rosseijc, J., Concurred.
Judgment was rendered, that the releasing plaintiff be barred, and that the non-releasing plaintiff prosecute alone.